

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00802-CR

Michael Scott **QUINN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6620A
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed:  March 21, 2018

MOTION TO WITHDRAW GRANTED; AFFIRMED

Michael Scott Quinn was found guilty of murder after a jury trial. Quinn pleaded true to an enhancement allegation, and the jury sentenced Quinn to life in prison. No motion for new trial was filed; however, Quinn timely filed a notice of appeal.

Quinn's court-appointed appellate attorney filed a motion to withdraw and a brief in which he identifies several potential issues, but concludes that none of the issues presents an arguable point of error. The brief complies with the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Quinn

and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Quinn requested and was provided a copy of the appellate record, and he thereafter filed a pro se brief.

We have thoroughly reviewed the entire record, counsel's brief, and Quinn's brief. In his pro se brief, Quinn raises a number of claims that he received ineffective assistance of counsel. However, none of the contentions are established by the record. *See Thompson*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding "allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness"). We are unable to fairly evaluate the merits of Quinn's ineffective assistance of counsel claims because, as is usually the case, the record in this direct appeal is undeveloped and does not adequately reflect the reasons for counsel's decisions and actions. *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The other contentions made in the pro se brief do not present arguable appellate issues.

After reviewing the record, counsel's brief, and Quinn's brief, we find no arguable grounds for appeal exist and the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and we affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Quinn wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.